**Opinion issued August 31, 2018**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-18-00645-CR**

———————————

**PATRICIO ESTRADA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 268th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 17-DCR-077572**

---

### MEMORANDUM OPINION

Appellant, Patricio Estrada, has been indicted for the third-degree felony offense of failure to comply with the sex offender registration requirements and was appointed counsel.[1]  Appellant filed a pro se notice of appeal from the trial court's

---

[1]     *See* TEX. CODE CRIM. PROC. ANN. arts. 62.055(a), 62.102(a), (b)(2) (West 2006 and Supp. 2017).

June 11, 2018 order denying his motion to dismiss his court-appointed counsel in this Court on July 11, 2018, which the Clerk of this Court forwarded to the district clerk for filing, and this appeal is deemed to have been timely filed on July 11, 2018. *See* TEX. R. APP. P. 25.1(a). Appellant has also filed a pro se motion requesting an interlocutory appeal in this Court.[2] We dismiss this appeal for want of jurisdiction and dismiss appellant's motion as moot.

The right to appeal in criminal cases is conferred by the legislature, and a party may appeal only from judgments of conviction or interlocutory orders authorized as appealable. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); TEX. R. APP. P. 25.2(a)(2); *see also Marin v. State*, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993). The statute authorizing trial courts to appoint counsel for indigent criminal defendants does not authorize interlocutory appeals of the denial of a defendant's request to dismiss his appointed counsel. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04 (West 2009); *see, e.g.*, *Miears v. State*, No. 04-10-00451-CR, 2010 WL 3572324, at *1 (Tex. App.—San Antonio Sept. 15, 2010, pet. ref'd) (per curiam)

---

[2] The Clerk of this Court also forwarded appellant's pro se application for a pretrial writ of habeas corpus, filed in this Court, to the district clerk on July 11, 2018. On August 27, 2018, a supplemental clerk's record was filed in this Court attaching the findings of fact and conclusions of law denying appellant's pretrial application for a writ of habeas corpus with an order signed by the trial court on August 19, 2018. Appellant's notice of appeal in this case did not appeal from or refer to this habeas order and his motion requested a stay of the trial pending resolution of this appeal of the order denying his motion to dismiss his appointed counsel.

(mem. op., not designated for publication) ("Nothing in the language of article 26.04, or any other article, of the Code of Criminal Procedure provides an interlocutory right to appeal from a trial court's denial of a motion to dismiss appointed counsel") (citation omitted).

The clerk's record, filed in this Court, indicates that appellant filed a pro se motion to dismiss his court-appointed counsel on June 11, 2018. The trial court did not sign a separate written order, but instead wrote "Denied" and signed and dated the bottom of appellant's motion on June 11, 2018. A denial of a criminal defendant's request to dismiss his court-appointed counsel is not authorized by statute as an appealable interlocutory order. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04; *see also Miears*, 2010 WL 3572324, at *1. Thus, we lack jurisdiction over this interlocutory appeal.

Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).